IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD F. MARTINEZ, | ) | |
| Plaintiff(s), | ) | No. C 08-5293 CRB (PR) |
| v. | ) | ORDER OF SERVICE |
| M. EVANS, et al., | ) | |
| Defendant(s). | ) | |

Plaintiff, a prisoner at the California Substance Abuse Treatment Facility and State Prison in Corcoran, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging violations of his constitutional rights while at Salinas Valley State Prison (SVSP). Plaintiff specifically alleges that he was deprived of all outside exercise from March 15, 2007 to July 10, 2008 due to a prison lockdown and modified program imposed after an altercation between inmates. He further alleges that he was retained in the modified program, which confined him to his cell except for a five-minute shower every other day, in violation of his due process rights because he was not afforded notice or an opportunity to present his views in connection with a "point scheme" created by SVSP to decide which inmates could be released from the modified program.

**DISCUSSION**

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

Liberally construed, plaintiff's allegations state a cognizable Eighth Amended claim for deprivation of outside exercise and a cognizable due process claim for failure to provide him notice and an opportunity to present his views in connection with the "point scheme" review process. <u>See</u> <u>Keenan v. Hall</u>, 83 F.3d 1083, 1089-90 (9th Cir. 1996) (prisoners confined to continuous and long-term segregation may not be deprived of outdoor exercise), <u>amended</u>, 135 F.3d 1318 (9th Cir. 1998); <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1101 (9th Cir. 1986) (prison officials must engage in some sort of periodic review of inmate's confinement in long-term segregation). The complaint will be ordered served on the named defendants.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named defendants. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

   c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary

1    judgment is entitled to judgment as a matter of law, which will end your case.
2    When a party you are suing makes a motion for summary judgment that is
3    properly supported by declarations (or other sworn testimony), you cannot simply
4    rely on what your complaint says.  Instead, you must set out specific facts in
5    declarations, depositions, answers to interrogatories, or authenticated documents,
6    as provided in Rule 56(e), that contradicts the facts shown in the defendant's
7    declarations and documents and show that there is a genuine issue of material
8    fact for trial.  If you do not submit your own evidence in opposition, summary
9    judgment, if appropriate, may be entered against you.  If summary judgment is
10   granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,
11   154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

12          Plaintiff is also advised that a motion to dismiss for failure to exhaust
13   administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
14   case, albeit without prejudice.  You must "develop a record" and present it in
15   your opposition in order to dispute any "factual record" presented by the
16   defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120
17   n.14 (9th Cir. 2003).

18          d.     Defendants shall file a reply brief within 15 days of the date
19   on which plaintiff serves them with the opposition.

20          e.     The motion shall be deemed submitted as of the date the
21   reply brief is due.  No hearing will be held on the motion unless the court so
22   orders at a later date.

23      3.     Discovery may be taken in accordance with the Federal Rules of
24   Civil Procedure.  No further court order is required before the parties may
25   conduct discovery.
26   /

4

1     4.     All communications by plaintiff with the court must be served on
defendants, or defendants' counsel once counsel has been designated, by mailing
a true copy of the document to defendants or defendants' counsel.

    5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must
keep the court and all parties informed of any change of address and must comply
with the court's orders in a timely fashion.  Failure to do so may result in the
dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED:   Feb. 02, 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Martinez, R1.serve.wpd            5